DECISION AND JUDGMENT ENTRY
{¶ 1} This is an accelerated appeal from a judgment of the Sandusky County Court of Common Pleas. Following a guilty plea, the trial court found appellant, Robert D. Brown, guilty of one count of attempted engaging in a pattern of corrupt activity, a lesser included offense in violation of R.C. 2923.32(A)(1), a third degree felony, and sentenced him to serve a five-year prison term.
 {¶ 2} Appointed counsel has submitted a request to withdraw, pursuant to Anders v. California (1967), 386 U.S. 738. In support of her request, counsel states that, after reviewing the record of proceedings in the trial court, she was unable to find any "arguable, non-frivolous" issues for appeal.
 {¶ 3} A review of the record reveals the following relevant facts. Between May 15 and October 19, 2004, appellant and several other individuals systematically stole farm machinery and other items from rural residents in Sandusky County on at least 18 different occasions. The thieves sold the items to another individual, who either kept the items or resold them to "customers." Appellant and the others were eventually apprehended. On December 13, 2004, appellant was indicted by the Sandusky County Grand Jury on 18 counts of breaking and entering, in violation of R.C. 2911.13(B), a fifth degree felony; 19 counts of theft, in violation of R.C. 2913.02(A)(1), a fourth degree felony; and one count of engaging in a pattern of corrupt activity, in violation of R.C. 2923.32(A)(1), a second degree felony.
 {¶ 4} On November 7, 2005, appellant entered a plea of guilty to one count of attempted engaging in a pattern of corrupt activity, a lesser included offense to Count 38 of the indictment, which is a third degree felony. After conducting a hearing, the trial court found appellant's plea was knowingly, voluntarily and intelligently made. The plea then was accepted, and the trial court found appellant guilty, dismissing the remaining 37 counts of the indictment. A presentence investigation report was ordered.
 {¶ 5} On January 11, 2006, a sentencing hearing was held, at which appellant was present with court-appointed defense counsel. Defense counsel asked the trial court to give appellant a sentence "that will allow him to apply for Judicial Release" so he could continue his employment. The trial court then reviewed appellant's lengthy criminal history, which included a conviction for involuntary manslaughter resulting from a DUI offense in Seneca County, for which he was placed on probation, and an eight year prison term in 1996, for aggravated burglary and arson in Lucas County. The trial court noted appellant committed the instant offenses within 60 days of his release from prison.
 {¶ 6} In addition to the above, the trial court stated the maximum prison term is appropriate in this case, since a lesser sentence would demean the seriousness of appellant's conduct and, "quite honestly, wouldn't adequately protect the public from future criminal conduct." The trial court stated that recidivism was likely, since appellant did not have the ability to "say no" to criminal opportunities.
 {¶ 7} After making the above statements, the trial court sentenced appellant to serve the maximum five-year prison term. Appellant was also ordered to pay restitution in the amount of $4,000. That same day, a judgment entry of sentencing was filed. It is from that judgment that appellant appeals.
 {¶ 8} Anders, supra, and State v. Duncan (1978),57 Ohio App.2d 93, set forth the procedure to be followed by appointed counsel who desires to withdraw for want of a meritorious, appealable issue. In Anders, the United States Supreme Court held that if counsel, after a conscientious examination of the case, determines it to be wholly frivolous he should so advise the court and request permission to withdraw. Anders at 744. This request, however, must be accompanied by a brief identifying anything in the record that could arguably support the appeal. Id. Counsel must also furnish his client with a copy of the brief and request to withdraw and allow the client sufficient time to raise any matters that he chooses. Id. Once these requirements have been satisfied, the appellate court must then conduct a full examination of the proceedings held below to determine if the appeal is indeed frivolous. If the appellate court determines that the appeal is frivolous, it may grant counsel's request to withdraw and dismiss the appeal without violating constitutional requirements or may proceed to a decision on the merits if state law so requires. Id.
 {¶ 9} In the case before us, appointed counsel for appellant has satisfied the requirements set forth in Anders, supra. Appellant was notified by counsel of his right to file an appellate brief on his own behalf; however, no brief was filed. Accordingly, we shall proceed with an examination of the potential assignment of error set forth by counsel for appellant and the entire record below to determine if this appeal lacks merit and is, therefore, wholly frivolous.
 {¶ 10} Appointed counsel asserts that the only possible issue to be raised on appeal is whether the trial court made findings of fact to support its imposition of a greater-than minimum sentence, as required by R.C. 2929.14(B) and (C). Pursuant to R.C. 2953.08(A), a defendant may appeal a prison sentence imposed for a felony if:
 {¶ 11} "(1) The sentence consisted of or included the maximum prison term allowed for the offense * * * and the court imposed the sentence under one of the following circumstances:
 {¶ 12} "(a) The sentence was imposed for only one offense. * * *" Counsel states that the record in this case is "replete" with examples as to why the maximum sentence was justified, which include appellant's prior convictions and the wide scope of corrupt activity constituting the offense of which appellant was found guilty. Counsel further states that, pursuant to State v.Foster, 109 Ohio St.3d 1, 2006-Ohio-856, judicial fact finding is no longer required before a prison term "may be imposed within the basic ranges of R.C. 2929.14(A) based upon a jury verdict or admission of the defendant." Id. at 29, 2006-Ohio-856, at ¶ 99. Counsel ultimately concludes that, "for the foregoing reasons," the maximum sentence was properly "imposed pursuant to the Ohio Revised Code sentencing guidelines and in compliance with State v. Foster * * *."
 {¶ 13} We do not agree. In Blakely v. Washington (2004),542 U.S. 296, the United States Supreme Court held that a sentencing court is prohibited from imposing a non-minimum sentence based on factual findings neither admitted to by the defendant nor found by a jury. In Foster, supra, the Ohio Supreme Court, interpreting Ohio's sentencing provisions in light of the decision in Blakely, similarly determined that portions of Ohio's sentencing statutes, including R.C. 2929.14(B) and (C), violate a defendant's Sixth Amendment right to a trial by jury. Id. at 25, 2006-Ohio-856, at ¶ 82. The court then severed and excised those portions of the revised code that it declared unconstitutional. Id. at 29, 2006-Ohio-856, at ¶ 99.
 {¶ 14} The range of possible prison sentences for a third degree felony is between one and five years. R.C. 2929.14(A)(3). R.C. 2929.14 provides:
 {¶ 15} "(B) Except as provided in division (C) * * * of this section, * * * if the court imposing a sentence upon an offender for a felony elects or is required to impose a prison term on the offender, the court shall impose the shortest prison term authorized for the offense pursuant to division (A) of this section, unless one or more of the following applies:
 {¶ 16} "(1) The offender was serving a prison term at the time of the offense, or the offender previously had served a prison term.
 {¶ 17} "(2) The court finds on the record that the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime by the offender or others.
 {¶ 18} "(C) Except as provided in division (G) of this section or in Chapter 2925. of the Revised Code, the court imposing a sentence upon an offender for a felony may impose the longest prison term authorized for the offense pursuant to division (A) of this section only upon offenders who committed the worst forms of the offense, upon offenders who pose the greatest likelihood of committing future crimes, upon certain major drug offenders under division (D)(3) of this section, and upon certain repeat violent offenders in accordance with division (D)(2) of this section."
 {¶ 19} The court sentenced appellant to the maximum term. Before Foster, a judge could impose, pursuant to R.C.2929.14(C), the maximum sentence only upon offenders who committed the "worst forms of the offense and upon offenders who pose the greatest likelihood of committing future crimes." This the trial court failed to do, which now, pursuant to Foster, is not error. However, we must continue our analysis. We cannot say that appellant's Sixth Amendment rights were not violated.
 {¶ 20} It is clear that appellant's sentence was based upon some judicial fact finding. At the sentencing hearing, the trial court judge found "that to sentence you to anything else would demean the seriousness of your conduct, and, quite honestly, wouldn't adequately protect the public from future criminal conduct. You've just shown that you don't have the fortitude to say no, and the public deserves to be protected."
 {¶ 21} These judicial findings are consistent with the pre-Foster requirements of R.C. 2929.14(B).
 {¶ 22} The Ohio Supreme Court in the Foster decision, in severing both R.C. 2929.14 (B) and (C) from Ohio's sentencing statutes, declared that sentences not based on a jury finding or admitted by a defendant are unconstitutional and violate a defendant's Sixth Amendment rights. Because the trial court based its sentence on unconstitutional judicial fact finding, albeit under the wrong code section, appellant's sentence is void and this case must be remanded for a new sentencing hearing, pursuant to the mandate in State v. Foster, 109 Ohio St.3d 1, 31, 2006-Ohio 856, at ¶ 104. Upon further review, we find no other meritorious issues for review.
 {¶ 23} Generally, under Anders, we would appoint new appellate counsel. However, as the appellant's sentence is contrary to law, we may take immediate action. State v. McGhee,
4th Dist. No. 04CA15, 2005-Ohio-1585, at ¶ 73; State v. Meyer,
6th Dist. No. WM-03-008, 2004-Ohio-5229, at ¶ 75. We hereby grant appellate counsel's motion to withdraw.
 {¶ 24} On consideration whereof, the sentence of the of the Sandusky County Court is reversed and this case is remanded to the trial court for resentencing. The trial court is instructed to appoint new counsel to represent appellant. Appellee is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Sandusky County.
JUDGMENT REVERSED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4.
Singer, P.J. Skow, J. concur.
 Parish, J. concurs in Judgment Only.