DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a judgment of the Ottawa County Court of Common Pleas, following a guilty plea, in which the trial court found appellant, David W. Reau, guilty of one count of failure to register as a sex offender and sentenced him to a 17-month prison term, to be served concurrently with a sentence imposed in another criminal case.
 {¶ 2} Appointed counsel has submitted a request to withdraw, pursuant to Anders v. California (1967), 386 U.S. 738,87 S.Ct. 1396. In support of her request, counsel states that, after reviewing the record of proceedings in the trial court, she has "conscientiously determined that there is no merit to the appeal."
 {¶ 3} A review of the record reveals the following relevant facts. On June 2, 2005, the Ottawa County Grand Jury indicted appellant on two counts of failure to register as a sex offender, in violation of R.C. 2960.05(E)(1), and one count of domestic violence in violation of R.C. 2919.25(A), a ("case no. 05-CR-060"). Previously, appellant was charged with domestic violence ("case no. 05-CR-047), and assault ("case no. 05-CR-135"). On August 1, 2005, the trial court consolidated case nos. 05-CR-047 and 05-CR-060 for trial. Case no. 05-CR-135 was tried separately.
 {¶ 4} On October 14, 2005, appellant entered a plea of guilty to one count of failure to register as a sex offender, a fourth degree felony. A plea hearing was conducted that same day, after which the trial court found appellant's plea was knowingly, intelligently and voluntarily made. The plea then was accepted, and the trial court found appellant guilty. The remaining charges in the consolidated case were dismissed. Appellant was found guilty and sentenced to 180 days in prison in case no. 05-CR-135.[1]
 {¶ 5} On December 6, 2005, a sentencing hearing was held, at which appellant was present with court-appointed defense counsel. Both appellant and defense counsel attempted to explain to the trial court why appellant, a convicted sex offender, did not timely register his change of address, as required by R.C. 2960.05(E). Defense counsel then asked the court to sentence appellant to community control instead of sending him to prison. In response, the trial court cited appellant's lengthy criminal history, which included multiple charges of domestic violence, aggravated menacing, traffic violations, and disorderly conduct, some of which resulted in incarceration. The trial court also noted that appellant was designated a sex offender after he had an affair with his children's 15 year-old babysitter, with whom he eventually fathered another child. The trial court also noted appellant's apparent lack of remorse for his actions.
 {¶ 6} In addition to the above, the trial court reviewed the purposes of sentencing as set forth in R.C. 2929.11, including those factors relating to the seriousness of the crime and potential recidivism. The trial court stated that, so doing, it has the obligation to "both protect the public and punish the offender." After making the above statements, the trial court sentenced appellant to serve 17 months in prison, to be served concurrently with the 180-day sentence imposed in case no. 05-CR-135.
 {¶ 7} On December 13, 2005, a judgment entry of sentencing was filed, in which the trial court found, after balancing the seriousness and recidivism factors set forth in R.C. 2929.12, that "the more serious factors outweigh the less serious factors." Specifically, the trial court found appellant "acted in a deceitful manner * * * and * * * purposely disobeyed an order to register." The trial court also noted appellant has previously served a prison term, and was under community control at the time of the instant offense. The court concluded that appellant "is not amenable to community control and that prison is consistent with the purposes of Ohio Revised Code Section 2929.11." It is from that judgment that appellant appeals.
 {¶ 8} Anders, supra, and State v. Duncan (1978),57 Ohio App.2d 93, set forth the procedure to be followed by appointed counsel who desires to withdraw for want of a meritorious, appealable issue. In Anders, the United States Supreme Court held that if counsel, after a conscientious examination of the case, determines it to be wholly frivolous, he or she should so advise the court and request permission to withdraw. Anders at 744. The request, however, must be accompanied by a brief identifying anything in the record that could arguably support the appeal. Id. Counsel must also furnish his or her client with a copy of the brief and a request to withdraw and allow the client sufficient time to raise any matters that he chooses. Id. Once these requirements have been satisfied, the appellate court must then conduct a full examination of the proceedings held below to determine if the appeal is indeed frivolous. If the appellate court determines that the appeal is frivolous, it may grant counsel's request to withdraw and dismiss the appeal without violating constitutional requirements, or may proceed to a decision on the merits if state law so requires. Id.
 {¶ 9} In this case, the record shows appointed counsel has notified appellant of his right to file a brief on his own behalf; however, no such brief was filed. A review of theAnders brief filed by appointed counsel shows counsel has not set forth any potential assignments of error to be reviewed by this court. Instead, counsel states that appellant entered his plea freely and voluntarily; the trial court adequately reviewed the elements of the charged offenses and advised appellant of his constitutional rights; appellant stated he was not under the influence of drugs or alcohol and he was satisfied with his counsel's representation; and the trial court properly imposed sentences that "were not in excess of those prescribed by statute." Accordingly, appointed counsel concludes, "after faithfully and conscientiously examining the record and papers in this case and research[ing] both the statutes and case authority available, [she] cannot in good faith find appealable issues in this case." We disagree, for the following reasons.
 {¶ 10} In Blakely v. Washington (2004), 542 U.S. 296,124 S.Ct. 2531, the United States Supreme Court held that a sentencing court is prohibited from imposing a non-minimum sentence based on factual findings neither admitted to by the defendant nor found by a jury. In State v. Foster,109 Ohio St.3d 1, 2006-Ohio-856, the Supreme Court of Ohio, interpretingBlakely, held that those portions of Ohio's criminal sentencing statues which require judicial factfinding in order to enhance a criminal sentence violate the defendant's Sixth Amendment right to a trial by jury. Foster, supra, at 25, 2006-Ohio-856, at ¶82. Those statutory provisions deemed unconstitutional by the Ohio Supreme Court were severed and excised. Foster, supra, at 29, 2006-Ohio-856, at ¶ 99.
 {¶ 11} Sentencing statutes affected by the decision inFoster include R.C. 2929.14(B)(2), which allows the trial court to impose a greater-than-minimum sentence upon finding that "the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime by the offender or other." Also affected is R.C.2929.19(B)(2)(a), which provides that, before imposing a prison sentence for a fourth degree felony, the trial court must state its reasons, "based upon the overriding purposes and principles of felony sentencing set forth in section 2929.11 of the Revised Code, and any factors listed in divisions (B)(1)(a) to (i) of section 2929.13 of the Revised Code that it found to apply relative to the offender."
 {¶ 12} As set forth above, the crime to which appellant pled guilty is a fourth degree felony, for which the range of possible sentences is between six and 18 months. Before imposing appellant's 17-month sentence, the trial court stated it considered "the nine factors set forth at Section 2929.13," and "the seriousness and recidivism factors * * * [which] are designed to assist the judge in determining whether this should be considered a more or less serious type of offense and whether or not the Defendant is more or less likely to commit future offenses." The trial court also stated that, although not required, a prison term is necessary in this case because "the more serious factors outweigh the less serious factors, and the likely indicators, that of recidivism, outweigh the less likely indicators of recidivism, and that prison is consistent with the purposes and principles for sentencing, and the Defendant would not be amenable to any available community control sanctions." In ordering a less-than-minimum sentence, the trial court apparently considered its obligation to "both protect the public and punish the offender."
 {¶ 13} Our independent review of the record shows that the trial court's pronouncement of sentence occurred before Foster
was decided and is based, at least in part, on judicial fact-finding, consistent with statutory requirements that pre-date Foster, supra. This court has previously found that, in such cases, the sentence is void and must be remanded to the trial court for resentencing. State v. Brown, Dist. No. S-06-009, 2006-Ohio-3985, at ¶ 22.
 {¶ 14} Upon further independent review, we find no other meritorious issues to be raised on appeal. We recognize that, pursuant to Anders, if we find any legal points presented by appellate counsel to be arguable on their merits, we are to afford appellant's appointed counsel the opportunity to argue the appeal. However, in this case, no such points were argued by appointed counsel. In addition, since the sentence is clearly contrary to law, we find that justice requires an immediate remand to the trial court for resentencing. Brown, supra, at ¶ 23, citing State v. Meyer, 6th Dist. No. WM-03-008, 2004-Ohio-5229, at ¶ 75.
 {¶ 15} Appointed appellate counsel's request to withdraw is granted. The sentence imposed by the Ottawa County Court of Common Pleas is hereby reversed, and the case is remanded to the trial court for resentencing. On remand, the trial court is instructed to appoint new trial counsel to represent appellant.
 {¶ 16} Appellee, the state of Ohio, is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Ottawa County.
Judgment reversed.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4.
Handwork, J. Pietrykowski, J. Parish, J. concur.
[1] The trial court's judgment in case no. 05-CR-135 is not part of this appeal.