DECISION AND JUDGMENT ENTRY
{¶ 1} Appellant, Forris E. Watkins, appeals the judgment of the Lucas County Court of Common Pleas, sentencing him to a term of 11 months incarceration upon his no contest plea to possession of crack cocaine, a violation of R.C. 2925.11(A) and 2925.11(C)(4)(a) and a felony of the fifth degree. Appellant's driver's license was also suspended for one year. The trial court determined that appellant was under community control at the time of the offense, and ordered the term of 11 months to run consecutively to the 12 month term of incarceration imposed for the community control violation, for a total term of 23 months incarceration.
 {¶ 2} Appellant raises two assignments of error for review:
 {¶ 3} "THE CONSECUTIVE SENTENCES IMPOSED BY THE TRIAL COURT ARE CONTRARY TO LAW AND INCONGRUOUS WITH THE PURPOSES OF FELONY SENTENCING IN OHIO.
 {¶ 4} "DUE PROCESS FORBIDS RETROACTIVELY APPLYING THE FOSTER REMEDY WHICH ENDOWS THE SENTENCING COURT WITH PLENARY DISCRETION."
 {¶ 5} The Ohio Supreme Court's decision in State v. Foster,106 Ohio St.3d 1, 2006-Ohio-856, applies retroactively to cases pending on direct review. Id., ¶ 104. In Foster, portions of Ohio's sentencing laws which offended the Sixth Amendment were severed, pursuant to Blakely v.Washington (2004), 542 U.S. 296, and Apprendi v. New Jersey (2000)530 U.S. 466.[1] Trial courts are no longer required to make findings or give their reasons for imposing maximum, consecutive, or more than the minimum sentences, and have full discretion to impose a prison sentence within the statutory range. Foster, 2006-Ohio-856, ¶ 100. Where a trial court relied on any of the unconstitutional statutes when imposing a sentence, the sentence is deemed void, must be vacated, and the matter should be remanded to the trial court for a new sentencing hearing. Id., ¶ 103 and ¶ 104. This matter was pending on appeal when Foster was announced; therefore, we examine appellant's challenge of his sentence pursuant to Foster's mandates.
 {¶ 6} Appellant first argues that the imposition of the 11 month term for possession of crack cocaine should not have been imposed consecutively to the term imposed for his admitted community control violation. Appellant points to two statements made by the trial court during his sentencing hearing: First, that appellant was "smart enough to know better"; second, that "there's a question about whether you [appellant] are really remorseful." Although appellant characterizes these statements as "findings," neither statement falls within the purview of a statutory section severed as unconstitutional byFoster. However, the observation regarding appellant's remorsefulness is a factor properly considered pursuant to R.C. 2929.12(D)(5) and (E)(5).
 {¶ 7} Additionally, the trial court noted that appellant was under community control at the time of the offense in support of the consecutive sentence. This factor is a finding made pursuant to R.C.2929.13(B)(1)(h), which, if made, constitutionally allows a trial court to impose a prison term. Foster, 2006-Ohio-856, ¶ 69. Contrary to appellant's argument, "[t]here is no presumption in favor of community control." Id. "[A] judge who does not make one of the (B)(1) findings and does not find that community control is a sufficient sanction could still impose a prison term." Id.
 {¶ 8} As appellant correctly notes, R.C. 2929.12 "provides guidance in considering factors relating to the seriousness of the offense and recidivism of the offender" and was not severed by Foster. State v.Mathis, 109 Ohio St.3d 54, 2006-Ohio-855, ¶ 38. While Mathis reiterated that a "court must carefully consider the statutes that apply to every felony case," id., it is not necessary to articulate consideration of the individual factors as long as it is evident from the record that the principles of sentencing were considered. "[T]rial courts have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings or give their reasons for imposing maximum, consecutive, or more than the minimum sentences."State v. Lippert, 6th Dist. Nos. S-04-021, S-05-002, S-05-003, S-06-004, S-06-005, 2006-Ohio-5905, ¶ 39, quoting Mathis, 2006-Ohio-855, paragraph three of the syllabus. Appellant's first assignment of error is not well-taken.
 {¶ 9} Next, appellant cites, inter alia, Calder v. Bull (1798),3 U.S. 386, 390, in support of his argument that the "repercussions of theFoster opinion have visited upon Mr. Watkins a `greater punishment than the law annexed to the crime, when committed,'" a violation of the Ex Post Facto Clause of Section 10, Article I of the United States Constitution. We have twice held that such claims are not ripe for appellate review until after a defendant's re-sentencing. State v.Lathan, 6th Dist. No. L-03-1188, 2006-Ohio-2490, ¶ 12; State v.Wood, 6th Dist. No. L-05-1320, 2006-Ohio-4910, ¶ 7. Because the trial court did not violate Foster in sentencing appellant, he is not entitled to a new sentencing hearing; therefore, appellant's Ex Post Facto argument does not apply in any event. Appellant's second assignment of error is therefore not well-taken.
 {¶ 10} The judgment of the Lucas County Court of Common Pleas is therefore affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Lucas County.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4.
Peter M. Handwork, J., Mark L. Pietrykowski, P.J., William J. Skow, J., CONCUR.
[1] Foster held the following statutory sections unconstitutional: R.C. 2929.14(B), (C), (D)(2)(b), (D)(3)(b), and (E)(4); R.C.2929.19(B)(2); and R.C. 2929.41(A).