DECISION AND JUDGMENT ENTRY
{¶ 1} Appellant, Daniel Baez, appeals the judgment of the Lucas County Court of Common Pleas. On August 9, 2006, appellant entered pleas of no contest to one count of aggravated robbery, a violation of R.C.2911.01(A)(3) and a felony of the first degree, and felonious assault, a violation of R.C. 2903.11(A)(1) and a felony of the second degree. The trial court accepted appellant's pleas and found him guilty based upon the *Page 2 
state's statement of the evidence that it would have presented had the matter gone to trial. The plea was made pursuant to an agreement whereby the state would recommend a four year cap for incarceration imposed.
 {¶ 2} Appellant was subsequently sentenced to a term of four years incarceration for the aggravated robbery conviction and two years incarceration for the felonious assault conviction. The sentences were ordered to run consecutively for a total term of six years incarceration.
 {¶ 3} From that judgment of conviction, appellant timely appealed. He now asserts a single assignment of error:
 {¶ 4} "Baez' constitutional rights were violated by the sentence imposed, because it is not the shortest available and is consecutive and the judge improperly made findings of fact."
 {¶ 5} In support of his claimed error, appellant points to several statements made by the trial judge during his sentencing hearing. Specifically, the trial judge explained that the sentences were ordered to run consecutively because of the "particularly violent" nature of the offenses. He added: "[S]ix years is a lucky sentence for you, sir, considering the nature of the offense. It's a pretty violent crime." Appellant argues that these facts, to which he did not admit and which were not found by a jury, were used to justify non-minimum and consecutive sentences in violation of his Sixth Amendment right to a jury trial as stated in State v. Foster, 109 Ohio St.3d 1,2006-Ohio-856. *Page 3 
 {¶ 6} In Foster, the court held, inter alia, that R.C. 2929.14(E)(4), concerning the imposition of consecutive sentences, and R.C. 2929.14(B), which relates to non-minimum sentences, violate a defendant's Sixth Amendment right to a trial by jury pursuant to Blakely v.Washington (2004), 542 U.S. 296, and Apprendi v. New Jersey (2000),530 U.S. 466. Foster, 2006-Ohio-856, at paragraph one of the syllabus. Those statutory provisions deemed unconstitutional by the Ohio Supreme Court were severed and excised. Foster, 2006-Ohio-856, ¶ 99. Factual findings are no longer necessary for a trial court to impose consecutive terms of incarceration or non-minimum sentences.
 {¶ 7} We have held that a sentence based on some judicial fact-finding was void, even though the facts were not found under the proper correlating statutory provision. State v. Brown, 6th Dist. No. S-06-009,2006-Ohio-3985, ¶ 22. Statements made in support of a sentence which contain language from the severed statutory sections also violateFoster. State v. Frost, 6th Dist. Nos. L-06-1142, L-06-1143,2007-Ohio-3469, ¶ 67. We have also held that where a claimed factual finding does not fall within a statutory section severed byFoster, but does fall within a non-severed statutory section, the statements do not offend the Sixth Amendment. State v. Watkins, 6th Dist. No. L-05-1336, 2007-Ohio-92, ¶ 6.
 {¶ 8} Appellee argues, following Watkins, that the trial court's statements were proper considerations pursuant to R.C. 2929.12. That section "`provides guidance in considering factors relating to the seriousness of the offense and recidivism of the *Page 4 
offender' and was not severed by Foster. State v. Mathis,109 Ohio St.3d 54, 2006-Ohio-855, ¶ 38." Id. at
 {¶ 9} ¶ 8. The challenged statements demonstrate the trial court's consideration of R.C. 2929.12(B)(2), which provides:
 {¶ 10} "The sentencing court shall consider all of the following that apply regarding the offender, the offense, or the victim, and any other relevant factors, as indicating that the offender's conduct is more serious than conduct normally constituting the offense:
 {¶ 11} "* * *
 {¶ 12} "(2) The victim of the offense suffered serious physical, psychological, or economic harm as a result of the offense."
 {¶ 13} "[T]rial courts have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings or give their reasons for imposing maximum, consecutive, or more than the minimum sentences." State v. Lippert, 6th Dist. Nos. S-04-021, S-05-002, S-05-003, S-06-004, S-06-005, 2006-Ohio-5905, ¶ 39, quoting Mathis, 2006-Ohio-855, paragraph three of the syllabus. The statements do not contain any language of an unconstitutional statutory section severed by Foster. Since the terms of incarceration imposed are within the statutory ranges for first and second degree felonies, and since no factual findings were made pursuant to any statutory section severed by Foster, appellant's sentence was properly imposed. Appellant's assignment of error is not well-taken. *Page 5 
On consideration whereof, the judgment of the Lucas County Court of Common Pleas is affirmed. Appellant is ordered, pursuant to App.R. 24, to pay the costs of this appeal. Judgment for the clerk's expenses incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Lucas County.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4.
 Arlene Singer, J., William J. Skow, J., Thomas J. Osowik, J. CONCUR. *Page 1