DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a judgment of the Ottawa County Court of Common Pleas that accepted appellant's guilty plea to two counts of sexual battery and imposed two consecutive five-year prison terms. For the following reasons, the judgment of the trial court is affirmed. *Page 2 
 {¶ 2} Appellant sets forth the following two assignments of error:
 {¶ 3} "I. The trial court erred in imposing the maximum possible sentence upon defendant-appellant in that it did not comply with the requirements of Ohio Revised Code Sections 2929.11 et seq. and as a result the trial court denied the defendant-appellant the due process of law.
 {¶ 4} "II. The trial court abused its discretion in imposing the maximum possible sentence upon defendant-appellant as it was against the manifest weight of the evidence."
 {¶ 5} The undisputed facts relevant to the issues raised on appeal are as follows. On June 5, 2006, appellant was indicted on five counts of rape with force, four counts of sexual battery and four counts of gross sexual imposition. On November 14, 2006, appellant entered Alford pleas to two third-degree felony counts of sexual battery in violation of R.C.2907.03(A)(5). The state agreed to dismiss the remaining counts of the indictment at sentencing. The trial court accepted appellant's pleas and found him guilty of both counts. On January 26, 2007, the trial court found appellant to be a sexually oriented offender and sentenced him to serve five years imprisonment on each count with the sentences to be served consecutively.
 {¶ 6} In his first assignment of error, appellant asserts that the sentence imposed by the trial court was excessive and did not comply with the requirements of R.C. 2929.11 et seq. In his second assignment of error, appellant argues that the maximum sentences were against the weight of the evidence. As both of these claimed errors argue that appellant's sentence was contrary to law, they will be considered together. *Page 3 
 {¶ 7} Appellant was sentenced on two third-degree felony offenses, punishable pursuant to R.C. 2929.14(A)(3) by one, two, three, four or five years imprisonment. Appellant was sentenced to serve the two five-year terms consecutively.
 {¶ 8} "Trial courts have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings or give their reasons for imposing maximum, consecutive, or more than the minimum sentences." State v. Baez, 6th Dist. No. L-06-1320,2007-Ohio-3825, ¶ 13, quoting State v. Mathis, 109 Ohio St.3d 54,2006-Ohio-855, paragraph three of the syllabus.
 {¶ 9} Appellant appears to argue that the trial court failed to consider factors set forth in R.C. 2929.12(A), (B), (C), (D) and (E) regarding the seriousness of the offender's conduct and the likelihood of recidivism. While Mathis, supra, ¶ 38, states that the trial court "must carefully consider the statutes that apply to every felony case," this court has held that it is not necessary for the trial court to articulate its consideration of each individual factor as long as it is evident from the record that the principles of sentencing were considered. See State v. Watkins, 6th Dist. No. L-05-1336, 2007-Ohio-92. It is clear from our review of the sentencing transcript that the trial court did in fact consider the principles and purposes of sentencing as required by R.C. 2929.11 and 2929.12. At sentencing, the trial court discussed information provided to the court from appellant's presentence investigation report and noted that appellant had not at any time expressed any genuine remorse for his actions. The trial court acknowledged that a prison sentence was not mandatory in this case but found that appellant was not amenable to community *Page 4 
control sanctions. The court further acknowledged pursuant to R.C.2929.11 that it was obliged to fashion a penalty that would both protect the public and punish the offender. The trial court then meticulously considered the seriousness and recidivism factors pursuant to R.C.2929.12 as they apply to the facts of this case. In support of its determination pursuant to R.C. 2929.12(B) and (C) that appellant's conduct was more serious than conduct normally constituting the offense, the trial court found that the victim was a young girl when the acts occurred, that she suffered serious psychological harm, that appellant's relationship with the victim facilitated the offense, and the offense was committed within the vicinity of one or more children. Additionally, the trial court found that there were no factors indicating that appellant's conduct was less serious than conduct normally constituting the offense.
 {¶ 10} Finally, the trial court considered the factors set forth in R.C. 2929.12(D) and (E) as indicators of appellant's likelihood of committing future crimes. The court first noted appellant's "sparse" prior criminal conduct and his lack of juvenile adjudications. As indicators that recidivism is more likely, the court found that appellant's contact with the victim was impulsive and opportunistic and that he had not acknowledged the extent of his offending behavior or shown any genuine remorse for the offense.
 {¶ 11} Appellant also argues that the two maximum sentences are against the manifest weight of the evidence. However, appellant fails to provide any statutory or case law support for this claim, instead asserting that "it does not seem reasonable or *Page 5 
logical" that he would be sentenced to the maximum terms for two third-degree felonies. Again, we find that appellant's sentence was in compliance with Ohio law, which gives trial courts full discretion to impose a prison sentence within the statutory range and no longer requires the court to give its reasons for imposing maximum, consecutive sentences such as in this case. State v. Foster (2006),109 Ohio St.3d 1, 2006-Ohio-856, ¶ 100.
 {¶ 12} Based on the forgoing, this court finds that appellant's sentence was properly imposed and his first and second assignments of error are not well-taken.
 {¶ 13} On consideration whereof, the judgment of the Ottawa County Court of Common Pleas is affirmed. Appellant is ordered, pursuant to App.R. 24, to pay the costs of this appeal. Judgment for the clerk's expenses incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Ottawa County.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4.
Mark L. Pietrykowski, P.J., Arlene Singer, J., Thomas J. Osowik, J., Concur.
 *Page 1