DECISION AND JUDGMENT ENTRY
{¶ 1} Appellant, Glen Myers, appeals the judgment of the Wood County Court of Common Pleas. He was indicted for one count of burglary, a violation of R.C. 2911.12(A)(1) and a second degree felony. Pursuant to a negotiated plea agreement, appellant entered a plea of guilty to the one-count indictment. In exchange, the state *Page 2 
recommended a sentence of three years incarceration. The trial court accepted appellant's guilty plea, found him guilty, and sentenced appellant to three years incarceration.
 {¶ 2} At the plea hearing, the state gave a statement of the evidence that it would have presented had the matter gone to trial:
 {¶ 3} "Had this case gone to trial, the State would have presented an appropriate agent from the Bowling Green Country Club and Bowling Green Police Department and any other necessary witnesses, who collectively would have testified that on or about the 6th day of April, 2007, in Wood County, that the defendant, Mr. Myers, had by stealth entered into and trespassed into the Bowling Green Country Club building. It was a trespassing that the defendant was aware that he was not allowed to be in there, and in fact had been convicted of criminal trespass just recently before that for having entered into that same building. It was an occupied structure in that there were other people there at the time. It was open for business. The defendant went into the one of the offices which was not in the general public area, and at that time then he took without permission stole a bag full of money that was sitting on the desk [sic]."
 {¶ 4} Appellant's appellate counsel has, pursuant to Anders v.California (1967), 386 U.S. 738, requested leave to withdraw as appellate counsel. If appellate counsel, following a conscientious examination of the case, finds the case to be wholly frivolous, he should advise the court of such finding and request permission to withdraw. Id. at 744; State v. Duncan (1978), 57 Ohio App.2d 93. As required by Anders, appellant's counsel has submitted a brief indicating potential issues for appeal, has mailed a copy of *Page 3 
the brief to appellant, and has notified him of his opportunity to submit his own appellate brief Appellant has filed a writing in the form of a letter asserting issues for appeal; as it was duly filed, we will consider this as an appellate brief
 {¶ 5} If counsel has fulfilled the Anders requirements, the appellate court must conduct a full examination of the proceedings to determine whether, in fact, the appeal is wholly frivolous. Anders v.California, 386 U.S. at 744. If so, the court may grant appellant's counsel's request to withdraw and may dismiss the appeal or it may proceed to a decision on the merits if state law so requires. Id. If the court finds any legal point to be arguable on its merits, it must appoint appellate counsel to argue the appeal. Id.
 {¶ 6} Appellant's appellate counsel has satisfied the Anders
requirements and has proposed two potential assignments of error for review:
 {¶ 7} "I. THE DEFENDANT-APPELLANT'S PLEA WAS NOT VOLUNTARY AND KNOWINGLY GIVEN WHERE HE WAS NOT ADVISED AS TO ALL THE APPELLATE RIGHTS HE WOULD BE WAIVING, WHEN HE ENTERED INTO THE SAME PLEA.
 {¶ 8} "II. APPELLANT RECEIVED INEFFECTIVE ASSISTANCE OF COUNSEL AND VIOLATION OF HIS RIGHTS UNDER THE SIXTH AND 14TH AMENDMENTS TO THE UNITED STATES CONSTITUTION IN ARTICLE I, § 10 OF THE CONSTITUTION OF THE STATE OF OHIO [sic]."
 {¶ 9} We proceed to determine whether this appeal is, as appellant's counsel suggests, entirely frivolous. Appellant's appellate counsel concedes that the trial court *Page 4 
fully complied with constitutional and criminal rule requirements when it accepted appellant's guilty plea. Criminal defendants must be personally advised of their right to a trial by jury; a written waiver of the right to a jury trial, executed in open court, sufficiently demonstrate a knowing, intelligent, and voluntary waiver of the right.State v. Turner, 105 Ohio St.3d 331, 2005-Ohio-1938, ¶ 25. Appellant executed a written waiver of his right to a jury trial in open court; nothing in the record rebuts the presumption that this waiver was knowingly, intelligently, and voluntarily made.
 {¶ 10} "Before accepting a guilty plea, a `trial court must inform the defendant that he is waiving his privilege against compulsory self-incrimination, his right to a jury trial, his right to confront his accusers, and his right of compulsory process of witnesses.' State v.Ballard (1981), 66 Ohio St.2d 473, paragraph one of the syllabus, following Boykin v. Alabama (1969), 395 U.S. 238, 242." State v.Turner, 2005-Ohio-1938, ¶ 33.
 {¶ 11} Crim.R. 11(C) provides the procedure a trial judge must follow when accepting a guilty plea in order to protect these constitutional rights:
 {¶ 12} "In felony cases the court may refuse to accept a plea of guilty or a plea of no contest, and shall not accept a plea of guilty or no contest without first addressing the defendant personally and doing all of the following:
 {¶ 13} "(a) Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and, if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing. *Page 5 
 {¶ 14} "(b) Informing the defendant of and determining that the defendant understands the effect of the plea of guilty or no contest, and that the court, upon acceptance of the plea, may proceed with judgment and sentence.
 {¶ 15} "(c) Informing the defendant and determining that the defendant understands that by the plea the defendant is waiving the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself." Crim.R. 11(C)(2).
 {¶ 16} "Although strict compliance with Crim.R. 11 is preferred, a reviewing court will consider a plea to be knowing, intelligent, and voluntary so long as the trial judge substantially complies with Crim.R. 11. State v. Nero (1990), 56 Ohio St.3d 106, 108, 564 N.E.2d 474. `Substantial compliance means that, under the totality of the circumstances, the defendant subjectively understands the implications of his plea and the rights he is waiving.' Id." State v. McQueeney, 148 Ohio App.3d 606, 2002-Ohio-3731, ¶ 24.
 {¶ 17} Upon review of the trial court's colloquy with appellant, we find that it substantially complied with Crim.R. 11. The trial court questioned appellant as to his waiver for each of the following rights: the burden on the state to prove his guilt beyond a reasonable doubt; the right to a speedy and public trial; the right to confront witnesses; the right to trial counsel; the right to compulsory process of witnesses; and the right to *Page 6 
choose not to testify. The trial court fully complied with the requirements of Crim.R. 11 and Boykin, supra. Appellant's first proposed assignment of error has no merit.
 {¶ 18} Next, appellant's appellate counsel suggests that appellant's trial counsel provided ineffective assistance for failing to move to suppress statements appellant made without counsel during custodial interrogation. In his pro se brief, appellant alleges that the Bowling Green Police did not fully advise him of his rights under Miranda v.Arizona (1966), 384 U.S. 436, did not cease questioning after his repeated requests for an attorney, and did not provide him with an attorney. Appellant acknowledges that he confessed to the facts alleged in the indictment during custodial interrogation, but only after his requests for an attorney went unheeded. The issue, then, is whether appellant's trial counsel rendered ineffective assistance for failing to move to suppress appellant's confession.
 {¶ 19} "Reversal of a conviction for ineffective assistance requires that the defendant show, first, that counsel's performance was deficient and, second, that the deficient performance prejudiced the defense so as to deprive the defendant of a fair trial. Strickland v. Washington
(1984), 466 U.S. 668, 687. Accord State v. Bradley (1989),42 Ohio St.3d 136, paragraph two of the syllabus. The United States Supreme Court has recognized that the `two-part Strickland v. Washington test applies to challenges to guilty pleas based on ineffective assistance of counsel.'Hill v. Lockhart (1985), 474 U.S. 52, 58. Accord State v. Bird(1998), 81 Ohio St.3d 582, 585." State v. Ketterer, 111 Ohio St.3d 70,2006-Ohio-5283, ¶ 81. *Page 7 
 {¶ 20} Due to appellant's guilty plea, we are limited to an examination of whether the performance of appellant's trial counsel caused his plea to be less than knowing and voluntary. A guilty plea which is knowingly and voluntarily entered into waives the "right to challenge a claimed deprivation of the constitutional right to counsel at the preliminary hearing stage of criminal proceeding." State v.Spates (1992), 64 Ohio St.3d 269, paragraph two of the syllabus. The defendant is instead limited to attacking the voluntary and intelligent character of the guilty plea by showing that his counsel's performance was deficient in advising his to enter a guilty plea. Id. at 272;State v. Kelley (1991), 57 Ohio St.3d 127, paragraph two of the syllabus. The error must have affected the defendant's decision to enter a guilty plea. Id.
 {¶ 21} Pleas of guilty are generally not subject to attack because a defendant's counsel may have misjudged the admissibility of a confession. McMann v. Richardson (1970), 397 U.S. 759, 770-771 (denying writ of habeas corpus). Where a defendant pleads guilty, the allegedly improper confession "is not the basis for judgment, has not been offered into evidence, and may not have been offered into evidence." Id. at 773.
 {¶ 22} Appellant has not alleged errors on his trial counsel's part which affected his decision to enter a guilty plea. He acknowledged his satisfaction with his counsel during his plea hearing. Appellant made a complete admission of guilt at his plea hearing. In his pro se brief, appellant states, "I realize I committed a crime," and does not challenge his guilty plea. As discussed supra, the record demonstrates that appellant made a voluntary, intelligent, and knowing waiver of his rights when he entered his plea. *Page 8 
Because appellant has not demonstrated, much less alleged, a failure on the part of his counsel which impaired the knowing and voluntary nature of his plea, we find this proposed assignment of error without merit.
 {¶ 23} After a further independent review of the record, we find no other grounds for a meritorious appeal. The appeal is therefore found to be wholly frivolous. Appellant's appellate counsel's motion to withdraw is found well-taken and is, hereby, granted. The judgment of the Wood County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Wood County.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4.
Mark L. Pietrykowski, P.J., William J. Skow, J., Thomas J. Osowik, J. CONCUR. *Page 1