DECISION AND JUDGMENT
{¶ 1} This appeal is from the July 16, 2007 judgment of the Wood County Court of Common Pleas, which sentenced appellant, Danny H. Abuhashish, who was convicted of four counts of an amended indictment following the entry of a guilty plea. Upon consideration of the assignments of error, we affirm the decision of the lower court. Appellant asserts the following assignments of error on appeal: *Page 2 
 {¶ 2} "I. The Appellant's pleas of guilty were not knowingly, intelligently and voluntarily made, as Appellant was not notified in open court of maximum penalties, or that he was subject to mandatory prison terms.
 {¶ 3} "II. Trial Counsel was ineffective for failure to object to a sentence that was imposed in violation of Appellant's Constitutional rights.
 {¶ 4} "III. The Court of Common Pleas violated Appellant's right to trial by jury by sentencing Appellant to a term of incarceration which exceeded the statutory maximum otherwise mandated by the Sixth andFourteenth Amendments."
 {¶ 5} Appellant was indicted on eight counts of drug-related offenses. He pled guilty to four of them on May 7, 2007. Appellant was sentenced as follows on July 19, 2007: (1) complicity to trafficking in counterfeit substances (R.C. 2923.03(A)(2) 2925.37) — 11 months imprisonment; (2) complicity to aggravated trafficking in drugs (R.C. 2923.03(A)(2) 2925.03(A)(1)(C)(1)(d) — five years imprisonment; (3) aggravated trafficking in drugs (R.C. 2925.03(A)(2)(C)(1)(d), with a cash forfeiture specification — five years imprisonment; and 4) trafficking in marijuana (R.C. 2925.03(A)(2)(C)(3)(e) — four years imprisonment. The first, second, and fourth sentences were ordered to be served concurrently and the third sentence to be served consecutively, for an aggregate sentence of ten years.
 {¶ 6} In his first assignment of error, appellant argues that his guilty plea was not knowingly, intelligently, and voluntarily made because the trial court failed to inform him *Page 3 
of the maximum penalties or that two of the counts carried mandatory terms and that he was ineligible for community control.
 {¶ 7} Pursuant to Crim. R. 11(C)(2), before a trial court accepts a plea of guilty, the court must first have addressed the defendant personally and have done the following:
 {¶ 8} "(a) Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and, if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing.
 {¶ 9} "(b) Informing the defendant of and determining that the defendant understands the effect of the plea of guilty or no contest, and that the court, upon acceptance of the plea, may proceed with judgment and sentence.
 {¶ 10} "(c) Informing the defendant and determining that the defendant understands that by the plea the defendant is waiving the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself."
 {¶ 11} The following colloquially occurred during the plea hearing in this case.
 {¶ 12} "THE COURT: Do you understand that should a prison sentence be imposed, especially with respect to Counts 2 and 5, that you would be subject to three *Page 4 
years of post-release control following the completion of that prison term? Understand that?
 {¶ 13} "MR. ABUHASHISH: Three years?
 {¶ 14} "THE COURT: Three years of post-release control following the completion of a prison term if a prison term is imposed.
 {¶ 15} "MR. ABUHASHISH: Which is probation?
 {¶ 16} "THE COURT: No. This is if you're sent to prison — let's say, for example, I send you to prison for four years. Following that four years, you would be subject to post-release control for a period of three years where they would supervise you. Do you understand that?
 {¶ 17} "MR. ABUHASHISH: Yes, Your Honor.
 {¶ 18} "MR. ROST: If I may. Danny, we talked after you do whatever prison time involved, if you violate a post-release control, they can send you back for half the original prison term. That's what the post-release control, that is what the judge is referring to. [sic]
 {¶ 19} "MR. ABUHASHISH: Yes, Your Honor.
 {¶ 20} "* * *
 {¶ 21} "THE COURT: Have you explained the maximum penalty for each of these charges, and that the penalties could be sentenced consecutively?
 {¶ 22} "MR. ROST: Yes, Judge.
 {¶ 23} "* * * *Page 5 
 {¶ 24} After appellant entered a guilty plea, the hearing continued with a discussion of revoking bond:
 {¶ 25} "MRS. HOWE-GEBERS: Your Honor, given the fact, if my math serves me, approximately — the Defendant is now looking at a maximum, if this Court gives the maximum, twenty-two years in prison. And mandatory time. What concerns the State that the Defendant — and I know that we have had extensive discussions in regards to this case — is the Defendant, even showing today, the Defendant's acceptance of what actually occurred, and the State's concern is now that he actually has entered his plea and now potentially mandatory prison sentence, that the risk of flight has now significantly increased since his plea has been entered.
 {¶ 26} "Up until this time, there has been some discussions between Defendant and other law enforcement that has not worked, thereby, the Defendant, again, is a risk of flight, and the State's concern has increased significantly. We would like to request the Defendant's bond and be revoked at this time and that he be placed in custody until the sentencing.
 {¶ 27} "THE COURT: Mr. Rost.
 {¶ 28} "MR. ROST: Thank you, Your Honor. may it please the Court, obviously. I don't disagree with the State's math, Abuhashish was facing quite a lot more time in the original indictment, and he was well aware the time he was facing based upon the indicted charges was this great part of mandatory time.
 {¶ 29} "* * *. *Page 6 
 {¶ 30} "Even though we entered pleas to four charges, mandatory time cases, I don't think there's no indication that Mr. Abuhashish it intends to avoid the jurisdiction of this Court. * * *.
 {¶ 31} "THE COURT: We'll deny the State's request. Obviously, if Mr. Abuhashish fails to appear and [sic] subsequently apprehended, he is a scene twenty-two years on the four counts that he has already pled to, and an additional 15 years plus or minus on the other four counts not yet dismissed, as well as the substantial consequences of forfeiture of the bond. So on that basis, we will deny the request."
 {¶ 32} The trial court must strictly comply with Crim. R. 11(C)(2) regarding federal constitutional rights, but need only substantially comply with the rule regarding non-constitutional rights. State v.Stewart (1977), 51 Ohio St.2d 86, 93, State v. Marcum, 10th Dist. No. 07AP-905, 2008-Ohio-2292, ¶ 6; and State v. Lamb, 6th Dist. No. L-07-1181, 2008-Ohio-1569, ¶ 10. We hereby overrule our recent case ofState v. Myers, 6th Dist. WD-07-039, 2008-Ohio-1570, in which we set forth a substantial compliance standard for complying with Crim. R. 11(C)(2) with respect to informing a defendant of his constitutional rights prior to the entry of a plea. Id. at 16.
 {¶ 33} In the case before us, informing the defendant of the maximum penalty appellant faced because of the plea he would enter was a non-constitutional right. Therefore, we must determine whether the trial court substantially complied with Crim. R. 11(C)(2)(a) when he informed appellant of the penalties that he faced because of his plea. To satisfy this burden, it must be apparent "under the totality of the circumstances the *Page 7 
defendant subjectively understands the implications of his plea and the rights he is waiving." State v. Nero (1990), 56 Ohio St.3d 106, 108. Even if the trial court failed to meet this burden, however, this court will not overturn the sentence imposed unless appellant demonstrates that he was prejudiced by the court's failure to substantially comply with the rule. State v. Griggs, 103 Ohio St.3d 85, 2004-Ohio-4415, ¶ 12. Appellant must show that he would not have entered the plea if he had known the consequences. Id.
 {¶ 34} Crim. R. 11(C)(2)(a) requires that a trial court inform the defendant of the maximum penalty, including a mandatory prison term.State v. Sarkozy, 117 Ohio St.3d 86, 2008-Ohio-509, ¶ 22; State v.Howard, 2d Dist. No. 06-CA-29, 2008-Ohio-419, ¶ 26; and State v.Pitts, 6th Dist. No. OT-05-036, 2006-Ohio-3182, ¶ 21-22. The Ohio Supreme Court further stated in State v. Sarkozy, supra, that the total failure of the trial court to mention that the defendant was subject to mandatory post-release control (which is part of the maximum penalty) was a complete failure to comply with Crim. R. 11 and required that the plea be vacated without consideration of the issue of prejudice.
 {¶ 35} However, even in cases where the court has mistakenly or inadvertently implied that a prison term might be imposed upon entry of the guilty plea, rather than informing the defendant directly that a mandatory prison term will be imposed, we find that substantial compliance with Crim. R. 11 may still be found. The key is whether the defendant had actual notice of the maximum sentence involved. See,State v. Reed, 6th Dist. No. L-06-1130, 2007-Ohio-4087, ¶ 26 andState v. Bach, 6th Dist. No. L-04-1326, *Page 8 2005-Ohio-4173, ¶ 14 (both cases involving the failure of the trial court to correctly inform the defendant that post-release control was mandatory). In both of the cases cited, we found that the defendant had actual notice of the maximum penalty because the written plea agreement was correct and appellant was questioned as to whether he understood the agreement and was given the opportunity to question the discrepancy.State v. Reed, supra at ¶ 26 and State v. Bach, supra at ¶ 14. We find these cases distinguishable on their facts from State v. Sarkozy, supra, where there is no indication that Sarkozy had actual notice of the maximum penalty.
 {¶ 36} In the case before us, the trial court did not expressly outline the maximum penalties appellant faced or that two of the counts involved mandatory prison terms. However, the court made a misstatement when it stated "should a prison sentence be imposed" when in fact a prison sentence was required to be imposed. But, the written plea agreement was correct and the court questioned appellant as to whether he understood the terms of the agreement and appellant's counsel as to whether he explained the agreement to appellant. Furthermore, at the end of the hearing, the prosecution and defense counsel addressed the issue of revoking appellant's bond because of the mandatory prison term appellant faced because of his plea. Therefore, if appellant clearly did not understand that he faced a mandatory prison term before the plea, he certainly knew it immediately afterward and could have objected to the plea at that time if he had been surprised by the mandatory prison term. *Page 9 
 {¶ 37} Furthermore, we find that appellant has failed to demonstrate that he was prejudiced by the trial court's failure to substantially comply with the rule. In fact, appellant has not presented any claim of prejudice in his appellate brief.
 {¶ 38} Therefore, we find appellant's first assignment of error not well-taken.
 {¶ 39} For sake of clarity, we next address appellant's third assignment of error in which appellant argues that the trial court violated his rights under the Sixth and Fourteenth Amendments to the United States Constitution by sentencing him to a term of imprisonment which exceeded the statutory maximum and imposed concurrent sentences based upon facts not found by a jury. Furthermore, appellant argues thatState v. Foster, 2006-Ohio-856, ¶ 93-102, is incompatible withBlakely v. Washington (2004), 542 U.S. 296, and its progeny, because the Ohio Supreme Court applied a severance remedy to resolve the constitutional violations found in the Ohio sentencing statutes.
 {¶ 40} First, the Ohio Supreme Court has held that the failure to raise a Blakely issue during sentencing results in forfeiture of the alleged sentencing error on appeal. State v. Payne, 114 Ohio St.3d 502,2007-Ohio-4642, ¶ 21-31. Furthermore, appellant has failed to demonstrate that this error rises to the level of plain error. Id.
 {¶ 41} Second, the alleged judicial factual finding involved the court's determination that appellant had committed the offense as part of an organized criminal activity. R.C. 2929.12(B)(7) requires that a trial court consider this fact to determine the seriousness of the wrongful conduct to aid it in determining the appropriate sentence. These statutes provide guidance in sentence and therefore do not violate the Constitution. *Page 10 State v. Mathis, 109 Ohio St.3d 54, 2006-Ohio-855, ¶ 38 and State v.Watkins, 6th Dist. No. L-05-1336, 2007-Ohio-92, ¶ 8.
 {¶ 42} Finally, appellant challenges that the Ohio Supreme Court's severance remedy violated the Blakely, supra, precedent. Pursuant the doctrine of stare decisis, this court is bound to follow a decision of the Supreme Court of Ohio and will not overrule that court's decision or declare it unconstitutional. State v. Boles, 6th Dist. No. L-07-1064,2007-Ohio-6880, ¶ 8.
 {¶ 43} Appellant's third assignment of error is not well-taken.
 {¶ 44} In his second assignment of error, appellant argues that his trial counsel rendered ineffective assistance of counsel when he failed to object to appellant's sentence on the ground that it violated theSixth and Fourteenth Amendments to the United States Constitution as set forth in Blakely, supra.
 {¶ 45} This issue has also already been addressed by other courts. Even if appellant's trial court counsel rendered ineffective assistance of counsel by failing to make a Blakley, supra, objection, appellant has failed to establish the prejudice requirement of the test set forth inStrickland v. Washington (1984), 466 U.S. 668, 687. State v.Johnson, 2d Dist. No. 21495, 2007-Ohio-5662, ¶ 56, and State v.Ragland, 10th Dist. No. 04AP-829, 2007-Ohio-836, ¶ 7. Therefore, appellant's second assignment of error is not well-taken.
 {¶ 46} Having found that the trial court did not commit error prejudicial to appellant, the judgment of the Lucas County Court of Common Pleas is affirmed. *Page 11 
Appellant is ordered to pay the costs of this appeal pursuant to App. R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Lucas County.
JUDGMENT AFFIRMED.
Peter M. Handwork, J., Mark L. Pietrykowski, P.J., William J. Skow, J., Concur. *Page 1