[Cite as *State v. Roosa*, 2023-Ohio-3757.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## PORTAGE COUNTY

STATE OF OHIO,

Plaintiff-Appellee,

- vs -

KENNETH E. ROOSA, II,

Defendant-Appellant.

CASE NO. 2023-P-0003

Criminal Appeal from the
Court of Common Pleas

Trial Court No. 2022 CR 00794

**O P I N I O N**

Decided: October 16, 2023
Judgment: Affirmed

*Victor V. Vigluicci,* Portage County Prosecutor, 241 South Chestnut Street, Ravenna, OH 44266 (For Plaintiff-Appellee).

*Michael A. Partlow*, P.O. Box 1562, Stow, OH 44224 (For Defendant-Appellant).

JOHN J. EKLUND, P.J.

{¶1} Appellant, Kenneth Roosa, II, appeals his sentence after pleading guilty to two counts of Rape, first-degree felonies, in violation of R.C. 2907.02(A)(1)(b). Appellant specifically asserts that the trial court erred in sentencing him to life imprisonment without the possibility of parole because the court should have weighed mitigating factors bearing on his sentence differently. For the following reasons, we affirm the judgment of the Portage County Court of Common Pleas.

{¶2} On September 16, 2022, Appellant entered a plea agreement in which he agreed to plead guilty to two counts of Rape in violation of R.C. 2907.02(A)(1)(b). He

also agreed to accept a sentence of life imprisonment, but the agreement allowed both parties to argue whether or not he would be sentenced with or without the possibility of parole. The court accepted Appellant's guilty plea. On December 16, 2022, the court held a sentencing hearing. The state asserted that Appellant should be sentenced to life imprisonment without the possibility of parole, while Appellant argued that he should be sentenced with the possibility of parole. The court sentenced Appellant to life imprisonment without the possibility of parole.

{¶3} Appellant timely appeals and raises one assignment of error:

"The trial court erred by sentencing Appellant to two term[s] of life imprisonment without the possibility of parole as the record does not support such a sentence."

{¶4} Our standard of review for felony sentencing is provided by R.C. 2953.08(G)(2):

> The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing. The appellate court's standard for review is not whether the sentencing court abused its discretion. The appellate court may take any action authorized by this division if it clearly and convincingly finds either of the following:
>
> (a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant;
>
> (b) That the sentence is otherwise contrary to law.

{¶5} The Ohio Supreme Court has explained the application of R.C. 2953.08(G)(2) in relation to R.C. 2929.11 and 2929.12 in *State v. Jones*, 163 Ohio St.3d 242, 2020-Ohio-6729, 169 N.E.3d 649. First, the Court held that R.C. 2953.08(G)(2)(a) does not allow an appellate court to vacate a sentence based on "lack of support in the

2

record for a trial court's findings under R.C. 2929.11 and .12" because neither of those sections is enumerated within division (G)(2)(a) of the statute, and, more fundamentally, neither statute requires the court to make "findings." *Id.* at ¶ 29, ¶ 31. The Court reasoned, "[n]othing in R.C. 2953.08(G)(2) permits an appellate court to independently weigh the evidence in the record and substitute its judgment for that of the trial court concerning the sentence that best reflects compliance with R.C. 2929.11 and 2929.12." *Id.* at ¶ 42. When sentencing, a "trial court is not required to give any particular weight or emphasis to a given set of circumstances; it is merely required to consider the statutory factors in exercising its discretion." *State v. Delmanzo*, 11th Dist. Lake No. 2007-L-218, 2008-Ohio-5856, ¶ 23.

{¶6} Appellant acknowledges the Ohio Supreme Court's precedent in *Jones*, but contends that we should disregard it and find that the trial court improperly weighed mitigating factors under R.C. 2929.12. Appellant asserts that the court should have sentenced him to life imprisonment with the possibility of parole because he was a first-time offender and "the circumstances of Appellant's life had dramatically changed since the events giving rise to the charges." We cannot disregard the Ohio Supreme Court's holding in *Jones*. Under the judicial doctrine of stare decisis, this court, as a lower court, "is bound to follow a decision of the Supreme Court of Ohio." *State v. Abuhashish*, 6th Dist. Wood No. WD-07-048, 2008-Ohio-3849, ¶ 42. "R.C. 2953.08(G)(2) does not permit an appellate court to conduct an independent review of a trial court's sentencing findings under R.C. 2929.12 * * *." *State v. Bryant*, 168 Ohio St.3d 250, 2022-Ohio-1878, 198 N.E.3d 68, ¶ 21. This court is therefore without authority to independently weigh mitigating factors under R.C. 2929.12. *Jones*, at ¶ 42.

3

**{¶7}** Appellant's assignment of error is without merit.

**{¶8}** The judgment of the Portage County Court of Common Pleas is affirmed.


EUGENE A. LUCCI, J.,

ROBERT J. PATTON, J.,

concur.

Case No. 2023-P-0003