OPINION
{¶ 1} Although originally placed on our accelerated calendar, we have elected, pursuant to Local Rule 12(5), to issue a full opinion in lieu of a judgment entry.
 {¶ 2} Defendant-Appellant, Jerry Harmon, appeals a Logan County Court of Common Pleas judgment, denying his motion to withdraw a guilty plea. On appeal, Harmon asserts various due process, Crim. R. 11, Crim. R. 32 and sentencing violations. Based on the following, we affirm the judgment of the trial court.
 {¶ 3} In February of 2001, Harmon was indicted on seven counts of rape in violation of R.C. 2907.02(A)(1)(b), felonies of the first degree, and two counts of unlawful sexual conduct with a minor in violation of R.C. 2907.04(A), felonies of the third degree. In August of 2001, Harmon entered a plea of guilty to two counts of rape; the court dismissed all other counts. Harmon was subsequently sentenced to two ten year sentences to be served concurrently. Harmon did not file a direct appeal in his case.
 {¶ 4} In January of 2002, Harmon filed a pro se motion to vacate or set aside his sentence. In that motion, Harmon claimed that he was denied the right to a preliminary hearing and that the court never had jurisdiction over the felony charges because those charges were based on a falsified report. The matter was set for hearing on January 30, 2002, and the record contains a fee statement from the court reporter that indicates that some hearing took place on that date. On January 31, 2002, the case was assigned for hearing on February 13, 2002. On February 13, 2002, a hearing was held before the trial court, at which the parties, including Harmon's original trial counsel, discussed the issue of defendant's sentence being mandatory time. It does not appear that the pro se motion to vacate or set aside sentence was discussed at that hearing, because the Harmon's trial counsel stated that he did not represent Harmon on that motion. At the hearing, the court stated that in sentencing Harmon it had informed him that post-release community control was mandatory and that Harmon was given the appropriate time-served credit. However, the court went on to state that:
Subsequent to the Court passing the sentence, the defendantwas conveyed to the Ohio Department of Rehabilitations andCorrections, and his records there were marked that this was amandatory sentence. Mr. Settina advised the Court that we had notadvised the defendant that this is a mandatory sentence, and theCourt now advises the defendant that the ten year sentence is amandatory sentence.
 {¶ 5} The prosecutor went on to acknowledge that Harmon's plea was based on a mutual misunderstanding. At that point, the following was put on the record:
The Court: Mr. Settina, has the defendant been sufficientlyadvised in your opinion now that this is a mandatory sentence.
 Mr. Settina: Yes, Your Honor. As a point of clarification, Mr.Harmon has not petitioned the Court to vacate or set aside thisjudgment on this issue, it was another issue that he has filed apro se motion on.
 I have advised Mr. Harmon that he is — or he has the right —due to these circumstances of not being advised in his originalsentence that this was a mandatory sentence, he has a right towithdraw his guilty plea, and I have advised him — he has advisedme that he would not want to pursue a withdraw of a guilty pleashould the Court find this is a mandatory sentence under theapplicable Revised Code provision.
 {¶ 6} The trial court went on to find that Harmon's sentence was mandatory and entered a written judgment confirming the ten year mandatory sentence. The same entry denied Harmon's motion to vacate or set aside his sentence. The court also denied a subsequent motion to reconsider.
 {¶ 7} In April of 2002, Harmon filed a pro se motion for post conviction relief. In this motion, Harmon again argued he was denied the right to a preliminary hearing. Additionally, Harmon argued trial counsel was ineffective for failing to investigate Harmon's mental status. In a written judgment entry, the trial court denied Harmon's motion, finding that Harmon's motion had been filed beyond the one hundred and eighty day time limit and that his claims did not fall into the exceptions allowable under R.C. 2953.23.
 {¶ 8} Harmon appealed the trial court's judgment. In Statev. Harmon (June 26, 2002), 3d Dist. No. 8-02-11, unreported, this Court affirmed that judgment of the trial court.
 {¶ 9} In September of 2003, Harmon again filed a pro se motion to withdraw his guilty plea. In this motion, Harmon argued that his plea was unknowing, involuntary and unintelligent, because at the time of his plea he was excessively using psychotropic medication, because he was not aware of the mandatory nature of the sentence and because his plea was coerced by his trial counsel. Additionally, Harmon argued that Judge O'Connor should have stepped down due to a conflict of interest.
 {¶ 10} A visiting judge was assigned by the Ohio Supreme Court to hear this motion. The assigned judge denied each of Harmon's claims. In an eight page written judgment, the court thoroughly addressed each of the above claims. It is from this judgment that Harmon appeals.
 {¶ 11} In a pro se brief filed with this Court, Harmon presented the following assignments of error for our review.
 Harmon's Assignment of Error No. I The defendant/appellant was prejudiced by a conflict ofinterest, between Judge (Mark S. O'Connor) and (ChristopherO'Connor) the defendant's doctor, which is a violation of28 U.S.C. § 144 and § 455, § 455(A) 1988, which violated his SixthAmendment right, to a fair trial, a due process right.
 Harmon's Assignment of Error No. II The Defendant/Appellant was prejudiced by ineffectiveassistance of counsel, violating the Sixth and FourteenthAmendment right when counsel failed to properly protect theirclients (sic) due process rights to a fair trial, after counselwas made aware of medications and mental health of defendant.
 {¶ 12} Subsequently, with leave of this Court, an additional brief was filed by Harmon's court-appointed counsel. In that brief, the following assignments of error were presented for our review.
 Court-Appointed Counsel's Assignment of Error No. I The trial court erred to the prejudice of appellant byaccepting guilty pleas not made in accordance with criminal rule11.
 Court-Appointed Counsel's Assignment of Error No. II The trial court erred to the prejudice of appellant by notinforming appellant as to the effect of his plea.
 Court-Appointed Counsel's Assignment of Error No. III A valid plea agreement never existed between appellant and theState of Ohio.
 Court-Appointed Counsel's Assignment of Error No. IV The trial court erred in sentencing appellant to a maximumsentence.
 Court-Appointed Counsel's Assignment of Error No. V The trial court erred in not informing appellant of his rightto appeal the imposition of a maximum sentence.
 Court-Appointed Counsel's Assignment of Error No. VI The trial court erred in denying appellant's motion towithdraw his guilty plea.
 {¶ 13} Due to the nature of appellant's claims, we will be addressing the assignments of error out of order.
 Court-Appointed Counsel's Assignments of Error Nos. II, III, IV V {¶ 14} In court-appointed counsel's second, third, fourth and fifth assignments of error, Harmon asserts that the court committed various Crim. R. 11, Crim. R. 32 and sentencing errors. Specifically, Harmon contends that the court failed to inform him as to the effect of his plea, failed to find a valid plea agreement existed, erred in sentencing him to a maximum sentence and failed to inform him of his right to appeal his sentence. Because these assignments of error are interrelated, we will address them together.
 {¶ 15} In his September 2003 motion to withdraw his plea, Harmon argued that his plea was unknowing, involuntary and unintelligent, because at the time of his plea he was excessively using psychotropic medication, because he was not aware of the mandatory nature of the sentence and because his plea was coerced by his trial counsel. Additionally, Harmon argued that Judge O'Connor should have stepped down due to a conflict of interest.
 {¶ 16} It is axiomatic that a defendant may not bring up an issue for the first time on appeal. See State v. Harmon, supra;Shover v. Cordis Corp. (1991), 61 Ohio St.3d 231, 219, overruled on other grounds by Collins v. Sotka (1998),81 Ohio St.3d 506. Thus, because Harmon did not address any of the issues raised in the second, third, fourth and fifth assignments of error in his motion to withdraw his plea, he is precluded from asserting these assignments on appeal.
 {¶ 17} Nevertheless, even if Harmon had raised these issues below, the doctrine of res judicata precludes this Court from considering them now. The doctrine of res judicata precludes any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial or on an appeal from that judgment. State v. Perry (1967),10 Ohio St.2d 175, para. four of the syllabus. Furthermore, a defendant's failure to appeal a judgment of conviction bars as res judicata any subsequent attempt to litigate issues that could have been raised on a direct appeal. State v. Dick (2000),137 Ohio App.3d 260, 263 citing State v. Harmon (1995),103 Ohio App.3d 595, 598. "The fact that Defendant did not undertake a direct appeal from [his] * * * conviction and sentence does not change the application of the res judicata doctrine." State v. Quiles
(Jan. 2, 1997), 9th Dist. No. 96CA006312, unreported.
 {¶ 18} Because Harmon could have raised the trial court's alleged violations on direct appeal, he is barred from raising them in his motion to withdraw his plea.
 {¶ 19} Accordingly, the second, third, fourth and fifth assignments of error are overruled.
 Harmon's Assignments of Error Nos. I II and Court-Appointed Counsel's Assignments of Error Nos. I VI {¶ 20} In Harmon's first and second assignments of error, as well as the first and sixth assignments of error from court-appointed counsel's brief, Harmon contends that the court erred in overruling his motion to withdraw his plea. In Harmon's first assignment of error, he asserts that a conflict of interest existed between Judge O'Connor and his doctor, and, in his second assignment of error, he asserts that his trial counsel failed to inform the court of his medications and mental health issues. In the court-appointed counsel's first assignment of error, Harmon asserts that the trial court's failure to inform Harmon that his sentence was mandatory was error. Finally, in court-appointed counsel's sixth assignment of error, Harmon generally asserts that the court erred in denying his motion to withdraw his guilty plea. Because these assignments of error are interrelated, we will address them together.
 {¶ 21} The withdrawal of a plea of guilty or no contest is governed by Crim. R. 32.1, which provides:
A motion to withdraw a plea of guilty or no contest may bemade only before sentence is imposed; but to correct manifestinjustice the court after sentence may set aside the judgment ofconviction and permit the defendant to withdraw his or her plea.
 {¶ 22} While a motion to withdraw a plea of no contest made prior to sentencing should be liberally granted, State v.Peterseim (1980), 68 Ohio App.2d 211, 213, a motion to withdraw a plea of no contest made subsequent to sentencing will be granted only upon the demonstration of manifest injustice. Statev. Smith (1977), 49 Ohio St.2d 261, 264.
 {¶ 23} Furthermore, a motion made pursuant to Crim. R. 32.1 is left to the sound discretion of the trial court and will not be overturned on appeal absent an abuse of that discretion.Smith, 49 Ohio St.2d at para. two of the syllabus; State v.Stumpf (1987), 32 Ohio St.3d 95, 104. We may not find an abuse of discretion unless the trial court's decision was unreasonable, arbitrary or unconscionable. Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219.
 {¶ 24} Upon review of the entire record, we cannot find that the court abused its discretion. As noted above, the trial court thoroughly addressed Harmon's motion to withdraw his plea in an eight page written journal entry, finding no manifest injustice.
 {¶ 25} Specifically, the trial court noted that it reviewed the pleadings and the plea colloquy. In addressing the issue of Harmon's being under the influence of psychotropic medications, the court noted that the petition to enter a plea expressly indicates that Harmon was using various medications and that at the change of plea hearing Harmon stated that he was "not under the influence of alcohol or drugs." The court interpreted this to mean that Harmon was not impaired at the time he entered the plea. Additionally, the court noted that there was nothing in the record showing any unusual or inappropriate action by Harmon at the change of plea hearing. The court noted that the pre-sentencing investigation report, which was available to the court, listed Harmon's medications and did not provide any indications of physical or mental health concerns. Finally, the court noted that it had reviewed Harmon's current prescription records and that it did not appear out of line.
 {¶ 26} Next, the court addressed the issue of whether Harmon was aware of the mandatory nature of his sentence. The court stated that while there was no expressed statement as to the mandatory nature of Harmon's sentence at the first sentencing hearing, that defect was cured by the February 13, 2002 hearing. As noted above, at that February 13, 2002 hearing, Harmon's counsel put on the record that he had advised Harmon that he could withdraw his plea and that Harmon had advised him that he did not wish to withdraw his plea at that time. The trial court also noted that the ten year sentence was a joint sentencing recommendation.
 {¶ 27} Finally, the court addressed Harmon's claim of coercion at the February 2002 hearing. Noting that there was no factual record to indicate that Harmon was induced into a plea, the court found that Harmon's claim did not rise to the level of a manifest injustice.
 {¶ 28} Finding that the court's judgment is thoroughly supported by the record, we cannot say the court abused its discretion. Accordingly, Harmon's first and second assignments of error, as well as court-appointed counsel's first and sixth assignments of error are overruled.
 {¶ 29} Having found no error prejudicial to the appellant herein, in the particulars assigned and argued, we affirm the judgment of the trial court.
Judgment affirmed.
 Shaw, P.J., and Cupp, J., concur.