[Cite as *State v. Heisler*, 2012-Ohio-1277.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
### DEFIANCE COUNTY


STATE OF OHIO,

      PLAINTIFF-APPELLEE,                CASE NO. 4-11-14

      v.

BLAINE W. HEISLER,                    O P I N I O N

      DEFENDANT-APPELLANT.


STATE OF OHIO,

      PLAINTIFF-APPELLEE,                CASE NO. 4-11-15

      v.

BLAINE W. HEISLER,                    O P I N I O N

      DEFENDANT-APPELLANT.


STATE OF OHIO,

      PLAINTIFF-APPELLEE,                CASE NO. 4-11-16

      v.

BLAINE W. HEISLER,                    O P I N I O N

      DEFENDANT-APPELLANT.

**STATE OF OHIO,**

      **PLAINTIFF-APPELLEE,**               **CASE NO. 4-11-17**

      **v.**

**BLAINE W. HEISLER,**                    **O P I N I O N**

      **DEFENDANT-APPELLANT.**

**Appeals from Defiance County Common Pleas Court**
**Trial Court Nos. 09-CR-10432, 11-CR-11151, 09-CR-10415 and 08-CR-10293**

**Judgments Affirmed**

**Date of Decision:  March 26, 2012**

**APPEARANCES:**

      *Clayton J. Crates*  **for Appellant**

      *Morris J. Murray and Russell R. Herman*  **for Appellee**

**WILLAMOWSKI, J**.

    **{¶1}** Defendant-Appellant, Blaine W. Heisler ("Heisler"), appeals the judgment of the Defiance County Court of Common Pleas sentencing him to

prison for violating the terms of his judicial release and also for failure to register a change of address as required because of his previous conviction as a sexual offender. On appeal, Heisler contends that the trial court erred when it failed to inform him, before accepting his guilty plea, that the minimum sentence that could be imposed was a mandatory three-year sentence and that the trial court failed to consider all of the sentencing statutory guidelines. For the reasons set forth below, the judgment is affirmed.

{¶2} These four appeals involve the revocation of Heisler's judicial release and the re-imposition of the remainder of the sentences to be served in three Defiance County cases from 2008 and 2009, Case Numbers 08 CR 10293, 09 CR 10415, and 09 CR 10432 (hereinafter, "the prior cases").[1] Also included is the conviction and sentencing for an additional offense in 2011, Case Number 11 CR 11151 (hereinafter, "the 2011 case"). On appeal, these four cases bear appellate case numbers 4-11-14, 4-11-15, 4-11-16, and 4-11-17. They have been consolidated for purposes of transcript filings, briefing, and oral argument.

{¶3} On April 13, 2011, Heisler appeared before the trial court for a hearing on his motion for judicial release. Heisler had previously been convicted in four prior cases, which included convictions for receiving stolen property, gross

---

[1] The prior cases also involve a fourth case, Case No. 10 CR 10739, for failure to provide a change of address, as part of the requirements of the registration mandates for his conviction as a sexual offender. However, Heisler had completed serving the twelve month concurrent sentence in that case, so there was no remaining sentence left to serve and it is not a part of this appeal.

sexual imposition, misuse of a credit card, and failure to register as a sex offender, all fourth or fifth degree felonies. As part of the original plea agreements, Heisler was sentenced to a total of 45 months in prison but the State had agreed not to oppose judicial release after one year.[2]

{¶4} On April 25, 2011, the trial court granted Heisler's motion for judicial release and the balance of his 45-month sentence was reserved. He was admitted to a period of three years of community control with the standard conditions of supervision pursuant to R.C. 2929.20(K), as well as the special conditions that he not consume any alcohol or associate with juveniles.[3] The trial court had concerns about granting judicial release because Heisler's record while he was in prison was far from exemplary. However, the trial court ultimately gave Heisler the opportunity for another chance after Heisler assured him that he had learned a lot and was "not going to screw it up this time." (Apr. 25, 2011 Tr., p. 5)

{¶5} A month later, on May 26, 2011, Heisler appeared in court after he had been taken into custody on suspicion of violating the terms of his judicial release. The State advised the court that the probation violation was based upon his failure to notify his probation officer of his change of address. The trial court set a substantial cash bond, appointed counsel, and set the case for further hearing.

---

[2] Heisler was sentenced to 17 months in Case No. 08 CR, 10293; 17 months in Case No. 09 CR 10415; and 11 months in Case No. 09 CR 10432, with all three sentences to run consecutively, for a total of 45 months. The 12 month sentence in Case No. 10 CR 10739 ran concurrent to the other sentences.
[3] The conviction for gross sexual imposition had originally been an indictment for unlawful sexual conduct with a minor, which was reduced pursuant to a plea agreement.

**{¶6}** On June 6, 2011, Heisler appeared in court with his attorney and was made aware that he had also been indicted for failure to provide notice of change of address, in violation of R.C. 2950.05, a felony of the third degree, in the 2011 case. Heisler's previous conviction as a sexual offender required him to register and to provide written notice of his residence change pursuant to R.C. 2950.04 or 2950.041. Heisler was properly arraigned on the new charge and the case was set for further pretrial.

**{¶7}** On June 29, 2011, Heisler appeared in court for a probable cause hearing on the judicial release violation as well as a pretrial for the 2011 case. The State advised the court that a plea arrangement had been agreed upon and Heisler would admit to violating the rules of judicial release and he had also agreed to enter a guilty plea to the 2011 case for the new criminal charge of failing to provide a change of address. The trial court advised Heisler as to the potential penalties for a conviction in the 2011 case, which could result in a maximum five-year prison term, and informed him that a conviction would also establish that he had violated his conditions of judicial release in the prior cases, which could result in in the revocation of his judicial release and the re-imposition of the entire balance of the reserved 45 month prison term.

**{¶8}** Thereafter, the trial court conducted a Crim.R. 11 plea colloquy and accepted Heisler's guilty plea to the 2011 criminal charge as well as his admission

to the judicial release violation. A sentencing date of August 17th was set, the trial court ordered an updated PSI and allowed Heisler to be released on his own recognizance. The trial court admonished Heisler that he was still required to comply with the conditions of his judicial release and warned that "if you need to be taken into custody for further violation behaviors, we will just be moving your sentencing and disposition up." (Jun. 29, 2011 Tr., p. 17)

{¶9} Prior to the sentencing date, Heisler was taken into custody and appeared before the trial court on July 14, 2011. According to the State, Heisler was found drinking alcohol and was in the presence of a fourteen-year-old juvenile, both violations of the terms of his community control sanction. The trial court then proceeded to sentence Heisler on his previously admitted judicial release violation and his guilty plea to the 2011 case.

{¶10} At this sentencing hearing, and prior to sentence being imposed, the State specified that Heisler's guilty plea in the 2011 case carried with it a mandatory minimum sentence of three years, because this was the second time he was convicted of failure to provide notice of a change of address under the SORN laws. *See* R.C. 2950.99(A)(2)(b). (Jul. 14, 2011 Tr., p. 5) The indictment had indicated that he had previously been convicted of failure to provide written notice of his change of address. The trial court then imposed a mandatory three-year sentence in the 2011 case that was to be served consecutive to the balance of what

remained of the forty-five month sentence for the three prior cases. Heisler's aggregate sentence was 81 months in prison, less the time previously served.

{¶11} It is from this judgment that Heisler now appeals, raising the following two assignments of error for our review.

**First Assignment of Error**

**The trial court erred to the prejudice of [Heisler] by failing to advise [Heisler] prior to accepting his guilty plea that the criminal charge required a mandatory three year prison sentence and community control was not a sentencing option.**

**Second Assignment of Error**

**The trial court erred to the prejudice of appellant by failing to consider all applicable statutes prior to pronouncing a consecutive sentence, thereby violating [Heisler's] right to due process of law as guaranteed by the Fifth and Fourteenth Amendments of the United States Constitution and comparable provisions of the Ohio Constitution.**

*First Assignment of Error*

{¶12} In his first assignment of error, Heisler asserts that the trial court failed to substantially comply with the provisions of Crim.R. 11 by failing to inform him, before he pled guilty to the 2011 offense, that a mandatory three-year sentence was the minimum possible sentence and that he would not be eligible for community control sanctions. Heisler claims prejudicial error because the trial court had stated that the offense was a third degree felony and "it carries a possible basic prison term of one, two, three, four or a maximum of five years in a state

prison." (Jun. 29, 2011 Tr., p. 6) The judge also failed to inform him that he would not be eligible for community control with a mandatory sentence. (*Id.* at pp. 7-8) We note that this assignment of error is only applicable to Appellate Case No. 4-11-15 pertaining to the new 2011 case for failure to provide a change of address for his registration as a sexual offender (Defiance County Case No. 11-CR 11151).

**{¶13}** Crim.R. 11(C)(2)(a) states:

(2)   In felony cases the court may refuse to accept a plea of guilty or a plea of no contest, and shall not accept a plea of guilty or no contest without first addressing the defendant personally and doing all of the following:

(a)   Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing.

**{¶14}** A trial court must strictly comply with the provisions of Crim.R. 11(C)(2) that relate to the waiver of constitutional rights, including the right to a trial by jury, the right to confront one's accusers, the privilege against self-incrimination, and the right to compulsory process of witnesses. *See, e.g., State v. Veney*, 120 Ohio St.3d 176, 2008-Ohio-5200, at the syllabus; *State v. Ballard*, 66 Ohio St.2d 473 (1981), at paragraph one of the syllabus. However, the nonconstitutional aspects of the plea colloquy, such as information concerning the sentence as in the case before us now, are subject to review under a standard of

substantial compliance. *See State v. Griggs*, 103 Ohio St.3d 85, 2004-Ohio-4415, ¶ 12, citing *State v. Nero*, 56 Ohio St.3d 106, 107 (1990). "Substantial compliance means that under the totality of the circumstances the defendant subjectively understands the implications of his plea and the rights he is waiving." *Nero* at 108; *State v. Carter*, 60 Ohio St.2d 34 (1979). Failure to adequately inform a defendant of his nonconstitutional rights at a plea hearing will not invalidate a plea unless the defendant suffered prejudice. *Griggs* at ¶ 12, citing *Nero* at 107. Under the substantial compliance standard, the burden is on the defendant to show prejudice, which means showing that the plea would otherwise not have been entered. *Nero* at 108; *Veney* at ¶ 15.

{¶15} For Heisler to establish prejudice, he would have to demonstrate that his plea would not have been made otherwise. *See id*. The Supreme Court of Ohio has held that "[a] defendant who has entered a guilty plea without asserting actual innocence is presumed to understand that he has completely admitted his guilt. In such circumstances, a court's failure to inform the defendant of the effect of his plea as required by Crim.R.11 *is presumed not to be prejudicial*." (Emphasis added.) *Griggs* at the syllabus. Heisler has never proclaimed his innocence, so the burden was on him to overcome the presumption that the shortcomings in the trial court's colloquy were prejudicial.

{¶16} At the change of plea hearing, the trial court discussed the *general* penalties applicable to a third degree felony, i.e., a potential sentence of one to five years. The trial court did not specifically inform Heisler of the mandatory three-year penalty applicable to him at this time, due to this being his second such offense. However, it did inform Heisler that the maximum penalty could be five years in prison and that the trial court could order the sentences to be served consecutively. Heisler indicated that he understood these terms. The trial court did not sentence Heisler to the five-year maximum, but instead sentenced him to the three-year mandatory sentence. Therefore, Heisler cannot claim that he was uninformed as to the possibility of having a three-year sentence and cannot claim he was prejudiced in this respect.

{¶17} The trial court also failed to state that Heisler would not be eligible for community control for this 2011 sentence. However, given the totality of the circumstances, it is evident from the record that Heisler was aware of the fact that he was going to prison and that he would not be given community control. The whole issue had been prompted by Heisler's violation of his previous community control, very shortly after he had been granted judicial release. The trial court had repeatedly warned Heisler that any violation of the terms of his community control sanctions pertaining to his judicial release would result in his return to prison. Heisler cannot realistically claim that he was expecting to receive community

control or that he was prejudiced by the trial court's failure to specifically state that fact again at the change of plea hearing.

{¶18} At the sentencing hearing, even after the State specifically noted that the sentence was a mandatory three-year sentence, Heisler and his attorney did not object, show surprise, nor in any way indicate that they were not fully aware of the potential consequences. In fact, Heisler's attorney demonstrated their awareness of the sentence, stating only that, "[u]*nderstanding* that Mr. Heisler is facing three years on the newest SORN violation, we would request the Court to consider running these cases concurrent with one another." (Jul. 14, 2011 Tr., p. 7) Heisler was given the opportunity to speak to the court, but he declined. (*Id*. at 6-7)

{¶19} The cases cited by Heisler in support of his position that the trial court's failure to inform the defendant was a prejudicial error are generally factually distinguishable in the "totality of the circumstances." In many of those cases, the defendants had been assured that they would be given a lesser sentence or had been incorrectly led to believe that they would be eligible for community control or judicial release. *See, e.g.*, *State v. Pape*, 2nd Dist. No. 2000 CA 98, 2001-Ohio-1827 (plea colloquy was "fatally flawed" because defendant claimed that his attorney told him he would be eligible for judicial release after serving 180 days, even though the sentence was mandatory); *State v. Rand,* 10th Dist. No. 03AP-745, 2004-Ohio-5838 (trial court erred in not allowing defendant to

withdraw his guilty plea after the trial court attempted to modify the judgment entry five years after it had erroneously told defendant the sentence was not mandatory, and had wrongly stated in the judgment entry that it was not mandatory); *State v. Pringle*, 6th Dist. No. L-98-1275, 1999 WL 436484 (prejudicial error occurred because the defendant had entered an *Alford* plea, and he did not understand the full consequences of this special guilty plea.[4])

{¶20} In the case before us today, Heisler has not asserted that he was misled concerning the sentence, nor that the State or anyone else had promised him a lesser sentence or community control. The State had merely agreed that it would join in the request to modify the bond to a personal recognizance bond and to agree for the matter to be continued for sentencing during a PSI, but there "was no other agreement at this point regarding the matter." (Jun. 29, 2011 Tr., pp. 2-3) The circumstances in this case are distinguishable from the cases cited above wherein the appellate courts found that the defendants had met their burden of demonstrating that they suffered prejudice.

{¶21} Furthermore, Heisler has never made any attempt to withdraw his guilty plea. He was informed of the mandatory nature of the sentence *before* the trial court actually sentenced him, so he had the opportunity to tender a presentence motion to withdraw his plea, which should be "freely and liberally

---

[4] The fact that Heisler pled guilty without asserting his innocence at the plea hearing, i.e., it was not an *Alford* plea, raises the presumption that the omission was not prejudicial. *Griggs*, supra, at ¶ 12.

-12-

granted." *See State v. Xie*, 62 Ohio St.3d 521, 527, (1992). Neither has he asserted that he has suffered a manifest injustice, entitling him to consideration for a post-sentence withdrawal of his guilty plea. *See* Crim. R. 32.1.

**{¶22}** Heisler had been in court numerous times over the previous several months and years. He never claimed that he did not understand the procedures or the implications and consequences of his plea; he has only asserted that the trial court did not appropriately address the specifics of his sentence in the plea colloquy. The trial court correctly informed Heisler that he could be facing a maximum five-year sentence in the 2011 case and that the trial court could order the sentence to be served consecutively. The trial court did err in that it failed to inform Heisler that the minimum possible sentence was a three-year mandatory sentence and, because it was "mandatory," community control would not be an option. However, based upon the totality of the circumstances, we find no evidence of any prejudice in the record, nor has Heisler met his burden of demonstrating that he was prejudiced by the trial court's plea colloquy. The first assignment of error is overruled.

*Second Assignment of Error*

**{¶23}** The second assignment of error alleges that the trial court erred in imposing sentence without giving proper consideration to the felony sentencing statute guidelines. Heisler complains that the sentence was contrary to law

because the trial court failed to sufficiently indicate that it considered the sentencing factors in R.C. 2929.11 and 2929.12; and, the trial court abused its discretion when it failed to properly apply the seriousness and recidivisms factors set forth in R.C. 2929.12.

{¶24} Ever since the Ohio Supreme Court's ruling in *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, "trial courts have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings or give their reasons for imposing maximum, consecutive, or more than the minimum sentences." *State v. Mathis*, 109 Ohio St.3d 54, 2006-Ohio-855, ¶ 37. Courts, nevertheless, are still required to comply with the sentencing laws unaffected by *Foster*, such as R.C. 2929.11 and 2929.12, which require consideration of the purposes and principles of felony sentencing and the seriousness and recidivism factors. *Mathis* at ¶ 38. However, a sentencing court does not have to make any specific findings to demonstrate its consideration of those general guidance statutes. *Foster* at ¶ 42.

{¶25} R.C. 2929.11 provides that sentences for a felony shall be guided by the overriding purposes of felony sentencing: "to protect the public from future crime by the offender and others and to punish the offender." R.C. 2929.11(A). In order to comply with those purposes and principles, R.C. 2929.12 instructs a trial court to consider various factors set forth in the statute relating to the

-14-

seriousness of the conduct and to the likelihood of the offender's recidivism.  R.C. 2929.12(A) through (D).  In addition, a trial court may consider any other factors that are relevant to achieving the purposes and principles of sentencing.  R.C. 2929.12(E).

**{¶26}** Heisler does not dispute that the sentence he received was within the statutory guidelines.  However, he complains that the trial court failed to review or analyze any of the enhancement or mitigating factors on the record before imposing sentence.

**{¶27}** First, as stated above, the trial court is not required to state its considerations on the record.  *See, Mathis, supra*.  And, contrary to Heisler's assertions, the record is replete with examples of the court's discussion of Heisler's risk of recidivism and other reasons why the trial court imposed the sentences that it did.  Heisler had been incarcerated for *four* prior cases and had committed the additional 2011 case almost immediately upon his judicial release. The trial court granted judicial release in the prior cases, even though his prison record was poor; there was evidence of his improper communication with young girls while he was in prison; the mother of one juvenile girl had asked that Heisler remain incarcerated for the protection of her daughter and the public; Heisler had problems with alcoholism and anger management; and, the trial court was not optimistic as to his ability to comply with the terms of his community control

sanction. (Apr. 13, 2011 and Apr. 25, 2011 Transcripts) At the hearings, the trial court extensively discussed Heisler's past behavior and the consequences of what would happen if he did not comply with the terms of his judicial release and community control sanction. (*Id.*) Nevertheless, one month later, he had already violated the terms of his judicial release and was back before the trial court for the 2011 case. (May 26, 2011 Tr.)

{¶28} At the plea hearing, he was released on his own recognizance but he was reminded that the terms of his judicial release were still applicable and warned of the consequences of failure to comply. (Jun. 29, 2011 Tr., pp. 16-18) *Four days later*, on July 3, 2011, he was taken into custody when police found Heisler and two juveniles drinking in a car, and one of the juveniles was a fourteen year old female. Plus, there had been some damage to one of the city's barricades at the fireworks display. (Jul. 16, 2011 Tr., p. 6) The trial court then addressed Heisler, stating:

> I believe we had had the discussion at the time the State acquiesced in his release on his own recognizance at the time of the most recent plea as to what would happen if there were further violation behavior pending the later scheduled disposition. Given the nature of his history, specifically including the sex offense, this most recent episode is particularly disturbing. (*Id.* at p. 8)

{¶29} The trial court then proceeded to sentence Heisler, imposing the balance of his original forty-five month prison sentence. The trial court also imposed the minimum mandatory sentence in the 2011 sex offender registration

-16-

case, but ordered that it be served consecutively.  Based upon the trial court's extensive review of his record during Heisler's six appearances before the court in a three-month period, it cannot be said that the trial court did not carefully consider all of the applicable factors before sentencing Heisler.

{¶30} The record in this case shows that the trial court fully complied with all of the requirements pertaining to consideration of the statutory sentencing factors.  In addition, the trial court's judgment entry specifically stated that it had "made reference to the information contained in the Pre-Sentence Investigation Report and to the history of this cause as known to the court" and that it had considered the statutory factors present.  (Jul. 20, 2011 J.E.)  Finding no error in the trial court's consideration of the relevant statutory requirement before imposition of sentence, the second assignment of error is overruled.

{¶31} Having found no error prejudicial to the Appellant herein in the particulars assigned and argued, we affirm the judgments of the trial court.

***Judgments Affirmed***

**SHAW, P.J., concurs.**

**/jlr**

Case Nos. 4-11-14, 15, 16, 17

**ROGERS, J., Dissenting.**

{¶32} I must respectfully dissent from the result reached by the majority.  I would first note that Appellant has filed notices of appeal in four separate cases: three that were revocations of judicial release, cases numbered 08 CR 10293, 09 CR 10415, and 09 CR 10432; and the fourth was a new felony, case number 11 CR 11151.  There are no assignments of error that apply to the first three cases of revocation, nor any arguments as to error in those cases.  Therefore, I would summarily dismiss those three appeals, and I will limit my discussion to the fourth case, appellate case number 4-11-17.

{¶33} It is not disputed that at the time of the plea Appellant was never advised that a prison term was mandatory or that he was not eligible for community control.

{¶34} Criminal Rule 11 provides, in pertinent part, as follows:

(C)  Pleas of guilty and no contest in felony cases.
        * * *
(2)  In felony cases the court may refuse to accept a plea of guilty or a plea of no contest, and *shall* not accept a plea of guilty or no contest without first addressing the defendant personally and doing all of the following:
(a)   Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing.  (Emphasis added.)

-18-

**{¶35}** Clearly the Rule mandates that the court "*shall* not accept a plea of guilty" without "determining that the defendant is making the plea voluntarily, with understanding of * * * the maximum penalty involved, and if applicable, that the defendant is not eligible for * * * the imposition of community control sanctions." The word *shall* has no meaning unless it is applied as a mandatory requirement with which the trial court must comply. *State v. Wyerick*, 182 Ohio App.3d 500, 2009-Ohio-3153, ¶ 9 (3d Dist.).

**{¶36}** The majority states that Heisler cannot "realistically claim that he was expecting to receive community control, * * * ." However, the trial court's statement that there was a *possible* one to five years in prison, and the order for a PSI would suggest to any defendant that the trial court is considering community control. As a PSI is required before a trial court can grant community control but is not necessary before a mandatory prison term is imposed, *See State v. Sawyer*, 1st Dist. No. C-080433, 2010-Ohio-1990, ¶ 10, the order of a PSI would lead a defendant familiar with the criminal system to reasonably believe that he may receive community control.

**{¶37}** Although the majority states that there was no misunderstanding because he was subject to the revocation of his judicial release and therefore not entitled to community control on the new charge, I would disagree. Each case must be considered separately, and revocation of judicial release on an older case

while sentencing to community control on a new case is possible, unless of course, there is a mandatory prison term on the new case. Indeed, at that point in Appellant's case, revocation of judicial release in the prior cases had not been ordered. The trial court still had all options available in each prior case. He was even released on his own recognizance which could only lend credence to his belief that community control was a distinct possibility.

{¶38} The State cites to *State v. Abuhashish*, 6th Dist. No. WD-07-048, 2008-Ohio-3849, as authority for a finding of substantial compliance. However, that case is distinguishable because there was a written plea agreement executed by the defendant which correctly stated that there was a mandatory prison term, and revocation of bond was discussed because of the mandatory term. The State also cites to a prior case of this Court, *State v. Harmon*, 3d Dist. No. 08-04-01, 2004-Ohio-4012, which is also distinguishable. *Harmon* was an appeal of a post-conviction motion to withdraw his plea based on the trial court's failure to fully advise of potential penalties. However, in *Harmon* the defendant was advised of the misinformation at sentencing, was asked prior to sentencing if he wished to withdraw his plea, but the defendant specifically said he did not wish to do so.

{¶39} "Substantial compliance means that under the totality of the circumstances the defendant subjectively understands the implications of his plea and the rights he is waiving." *State v. Nero*, 56 Ohio St.3d 106, 108 (1990). How

can one argue that a defendant subjectively understands the implications of his plea when he is misled into believing that community control is being considered when in fact a prison term is mandatory?

> [A] trial court does not substantially comply with Crim.R. 11(C)(2)(a) when it fails to inform the defendant that he is not eligible for probation or community control, and the circumstances do not show that the defendant knew he was not eligible. In such a case, an appellate court cannot say that the defendant's plea was made knowingly, intelligently and voluntarily. The standard was and remains whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant. To make a voluntary choice, the defendant must act with a full understanding of the consequences of his plea. Because the prospect of probation or community control would be a factor weighing heavily in favor of a plea, the fact that a community-control sanction is statutorily precluded can affect a defendant's decision to enter a guilty plea. (Citations omitted.) *State v. Farley*, 1st Dist. No. C-0100478, 2002-Ohio-1142.

**{¶40}** The Second District has reached a similar result.

> The effect of Howard's plea was that he would be subject to a mandatory prison term that would render him ineligible for the imposition of community control sanctions. He could not have appreciated this effect of his plea, because he was misadvised by the trial court that he would be eligible for the imposition of community control sanctions. Ineligibility for (as opposed to the unlikelihood of) the imposition of community control sanctions is deemed to be a sufficiently important effect of a plea of guilty or no contest that it is specifically incorporated in Crim. R. 11(C)(2)(a) as a subject that must be specifically addressed by the trial court, concerning which the defendant's understanding must be specifically determined by the trial court. *State v. Howard*, 2nd Dist. No. 06-CA-29, 2008-Ohio-419, ¶ 25.

**{¶41}** The Twelfth District has also addressed this issue.

> [W]e find, under the totality of the circumstances, appellant could not have subjectively understood that he was ineligible to serve a community control sanction instead of a prison term. The trial court affirmatively misinformed appellant and completely failed to comply with the rule. Appellant's assignment of error is sustained. *State v. Phillips*, 12th Dist. No. CA2008-05-126, 2009-Ohio-1448, ¶ 19.

**{¶42}** The majority also states that Appellant has failed to demonstrate prejudice. I would argue that if community control is discussed as a distinct possibility when, in fact the defendant is subject to a mandatory term of imprisonment and is not eligible for community control, prejudice is self-evident. In addition, the Ohio Supreme Court stated in *State v. Sarkozy*, 117 Ohio St.3d 86, 2008-Ohio-509, ¶ 22, that the total failure of the trial court to mention that the defendant was subject to mandatory post-release control (which is part of the maximum penalty) was a complete failure to comply with Crim. R. 11 and required that the plea be vacated without consideration of the issue of prejudice. I would find that logic applicable here. *See Farley*, *Howard*, and *Phillips*. The Appellant was not only misinformed, he was actively (although unintentionally) misled into believing that prison was not imminent or mandatory.

**{¶43}** For the reasons stated above, I would dismiss the appeals as to cases 4-11-14, 15, and 16. Further, I would sustain the first assignment of error as to case number 4-11-17, find the second assignment to be moot, vacate Appellant's plea, and remand for further proceedings on that case only.

/jlr